IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-412-WHA-CSC |
| | ) | [WO] |
| SHERIFF TERRY MEARS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jeffrey Matthews ("Matthews"), an inmate incarcerated at the Crenshaw County Jail in Luverne, Alabama, files this *pro se* 42 U.S.C. § 1983 action against Sheriff Terry Mears, Lieutenant T.J. Gray, and Sergeant Steven Crowelly. Matthews alleges a violation of *Miranda*[1] procedures by Defendants when they arrested him. Matthews further complains that he was never arraigned, he was detained for over a month in jail before going to court, and he was not allowed to post bond. For relief, Matthews requests his case be "dropped," monetary compensation, and that Defendants be charged "accordingly." Doc. 1 at 2–4.

Upon review, the Court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

---

[1] In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Court held that officers must provide a *Miranda* warning to a criminal suspect in custody prior to interrogating the suspect.

## I. STANDARD OF REVIEW

Because Matthews is proceeding *in forma pauperis* (Doc. 3), the Court reviews his Complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an

otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

### A. *Miranda* Claim

On December 27, 2019, Matthews was arrested and taken to the Crenshaw County Jail. Matthews claims Defendants violated his constitutional rights by failing to advise him of his *Miranda* rights including failing to advise him of his right to counsel prior to questioning him. Defendants' failure to advise Matthews of his rights on arrest and prior to questioning cannot be the basis of a § 1983 claim. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

In *Chavez*, the Supreme Court explained that "[r]ules designed to safeguard a constitutional right [ ] do not extend the scope of the constitutional right itself, just as violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person." 538 U.S. at 772. The *Chavez* Court found the *Miranda* exclusionary rule to be "a prophylactic measure [designed] to prevent violations of the right protected by the text of the Self–Incrimination Clause—the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning." *Id*

> [A]n allegation that officers failed to follow *Miranda* procedures is insufficient to "assert[ ] a violation of a constitutional right in order to state a cause of action under § 1983." *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th

4

>Cir. 1999) (internal quotation marks omitted). In *Jones*, we explained that the right to counsel during custodial interrogations recognized in *Miranda* was "merely a procedural safeguard, and not a substantive right." *Id*. (internal quotation marks omitted). Under this precedent, we must conclude that [the plaintiff] failed to state a claim under § 1983 because his allegation that the officers failed to follow *Miranda* procedures was insufficient to assert that the officers violated his substantive constitutional rights.

*Parris v. Taft*, 630 F. App'x. 895, 901 (11th Cir. 2015). Based on the foregoing, Matthews' allegation that Defendants failed to comply with *Miranda* procedures does not give rise to a cognizable claim under § 1983. *See Jones*, 174 F.3d at 1291. It is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## B.     Arraignment, Bond, and Court Appearance Claims

Matthews alleges he had not been allowed to post bond, has not been arraigned on the offense for which he is charged, and did not have a court appearance for over a month after his arrest. Regarding his claim he has not been allowed to post bond, the Court takes judicial notice of the online Alabama Trial Court System—alacourt.com—which contains a recording of the consolidated case action summary for the case the State has against Matthews for the charge of first degree robbery. *See Keith v. DeKalb Cnty*., 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (observing that "[w]e take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201). This information reflects that, although previously released on an appearance bond, Matthews' bond was revoked in March of 2021. *See State v. Matthews,* DC-2020-000002.00. Pursuant to an order of the District

---

[3] Matthews' *Miranda* challenge is more appropriately pursued in his state criminal court proceedings. *See United States v. Patane*, 542 U.S. 630, 641 (2004) (finding that "police do not violate a suspect's constitutional rights (or the *Miranda* rule) by negligent or even deliberate failures to provide the suspect with the full panoply of warnings prescribed by *Miranda*. Potential violations occur, if at all, only upon the admission of unwarned statements into evidence at trial.").

5

Court for Crenshaw County entered June 9, 2021, Matthews' bond remains revoked. *See id.* Based on the foregoing, Matthews' challenge regarding an inability to post bond is due to be dismissed for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Matthews also asserts he was not arraigned on the offenses for which he was arrested and that he did not receive a court appearance for over a month following his arrest. There is, however, no federal requirement that States afford arraignment or preliminary hearings to persons accused of state criminal offenses. Moreover, the named defendants are not responsible for the administration of court proceedings, including scheduling arraignments and other court appearances for persons charged with offenses. These claims against Defendants are therefore due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

**C.   Relief**

Matthews seeks to have Defendants held criminally responsible for the actions made the basis of the instant Complaint. However, a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (holding a plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) (holding that "the district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary to [his] belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."). And regarding Matthews' request that the pending state criminal charge against him be dropped, where the relief sought by a prisoner is a determination he is

6

entitled to immediate or a speedier release from imprisonment, the inmate's federal remedy is by way of writ of habeas corpus, not a § 1983 complaint. *See Wright v. Dodd*, 438 F. App'x 805, 807 (11th Cir. 2011); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (finding "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Further, because the state criminal charge remains pending against Matthews, the Court does not deem it appropriate to construe the Complaint as a petition for habeas corpus relief. *See Wright,* 438 F. App'x at 807 (holding that "because [plaintiff's] complaint alleges that his criminal proceedings are pending, the district court properly refused to construe it as a petition for a writ of habeas corpus."). *See also Younger v. Harris,* 401 U.S. 37, 44–45 (1971) (holding that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court.).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Complaint be DISMISSED with prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**On or before July 14, 2021**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 30th day of June 2021.

       /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE